UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| REX GUNTHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CV1606 NCC |
| ) | |
| DR. STACEY NEFF, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On October 6, 2016, plaintiff Rex Gunther, a civilly committed person proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 for injunctive relief against Dr. Stacey Neff. Plaintiff neither paid the required civil filing fee nor moved for leave to proceed in forma pauperis at that time. On October 19, 2016, the Court directed plaintiff to either move for leave to proceed in forma pauperis, or pay the required civil filing fee. (Docket No. 3). On November 4, 2016, plaintiff paid the required civil filing fee.

In the complaint, plaintiff alleges that Neff has restricted his mail and telephone contact with his fiancée, and has also restricted his contact with two friends. He seeks various forms of injunctive relief, including restoration of mail and telephone contact. Liberally construing plaintiff's pro se complaint, the Court concludes that plaintiff has asserted claims under his First Amendment rights of free speech to send and receive mail. *See Hudson v. Palmer*, 468 U.S. 517, 547 (1984). Because civil detainees cannot be subjected to conditions amounting to punishment, *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004), restrictions on plaintiff's First Amendment rights to send and receive mail must be non-punitive.

Plaintiff has paid the required civil filing fee in this matter. Consequently, the Court is not responsible for serving process pursuant to 28 U.S.C. § 1915. Plaintiff is advised that, under Rule 4(c)(2) of the Federal Rules of Civil Procedure, "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." (Emphasis added.) This means that plaintiff is not permitted to serve process himself.

Plaintiff should try to find a qualified person to serve process on the complaint pursuant to Rule 4. If plaintiff cannot do so, then he may move the Court, at a later date, to direct the U.S. Marshal to serve process. If plaintiff chooses to file such a motion, he must explain to the Court, in writing, what steps he took to locate a qualified person to serve process on the complaint, and why he was unsuccessful.

Accordingly,

IT IS HEREBY ORDERED that plaintiff shall cause service of process to be effected upon the defendant no later than **Wednesday, January 4, 2016**.

Dated this 15th day of November, 2016.

      /s/ Noelle C. Collins
      NOELLE C. COLLINS
      UNITED STATES MAGISTRATE JUDGE